FRANCES BARRAS *vs.* VERDUN MANUFACTURING COMPANY.

MAY 22, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

POWERS, J.  This is an employee's original petition for compensation under the provisions of the workmen's compensation act.  The case was heard before a trial commissioner who entered a decree denying and dismissing the petition.  It is before us on the petitioner's appeal from a decree of the full commission affirming the decree of the trial commissioner.  Her reasons of appeal are that the decree is against the law, against the evidence and the weight thereof.

It is undisputed that petitioner had been in the employ of respondent for about fifteen years; that on August 30, 1957 she broke her leg and became incapacitated; and that the injury was sustained on the premises of respondent.  The sole issue is whether or not such injury arose out of and in the course of her employment, was connected therewith and referable thereto.

The testimony discloses that petitioner worked in a room which although approximately 300 feet long and something less in width was broken up into sections not divided by walls.  The section in which petitioner was employed was at one end of the room and the office of the foreman was at the other end.  The door through which petitioner would ordinarily enter and leave the building was at the end of the room furthest removed from the section in which she worked.  There was, however, a tall, wide window at that part of the room in which she was employed.

The petitioner's hours of employment were from six o'clock in the morning until two o'clock in the afternoon, and on the morning of August 30, 1957 she entered the mill through the window which was wide open.  She testified that she stepped through the window to a covered steampipe and "put my two feet on that, and then I stepped onto a warp, then I jumped off that warp, which was only about —I'd say eighteen inches, maybe not even eighteen inches

from the floor, and that is when I fell." She further testified that her leg was broken as a result of this fall.

The respondent introduced in evidence a hospital record which contained conflicting accounts as to the cause of her injury. The first account indicated that after she was safely in the mill and had changed into rubber-soled shoes she slipped on a cement floor and broke her leg. The second account conformed to her testimony given before the trial commissioner. On cross-examination petitioner vigorously denied any knowledge of how the first account became a part of the hospital record, and insisted that she did not give it.

The petitioner was the sole witness to testify. She admitted that the employees had been told by the foreman not to use the window as a means of ingress and egress; that despite this she and others in her department and some in the department nearest to hers continued to use it; and that this continued use was known to her employer. However, she testified that she never knew of her foreman using the window himself to enter or leave the building and that "he only comes in our department once in a while * * *."

The testimony of petitioner furnishes evidence from which the trial commissioner could find that respondent had forbidden its employees from using the window as a doorway. As to the weight of this evidence we are not concerned. *Jillson* v. *Ross*, 38 R. I. 145; *Brown & Sharpe Mfg. Co.* v. *Lavoie*, 83 R. I. 335.

It is elementary that petitioner is not entitled to compensation unless the injury arose out of and in the course of her employment, was connected therewith and referable thereto. It is held in some jurisdictions, however, that even though use of the window by petitioner was forbidden by her employer she is entitled to compensation on the theory of implied acquiescence if its continued use were known to her employer. 99 C.J.S., Workmen's Compensation, §261, n. 7; *Nordyke & Marmon Co.* v. *Swift,* 71 Ind. App.

176; *Chicago, Wilmington & Franklin Coal Co.* v. *Industrial Commission,* 303 Ill. 540; *Hansen* v. *Paxton & Vierling Iron Works,* 138 Neb. 589.

We are of the opinion that in the case at bar the trial commissioner was justified by the evidence not only in his finding that the use of the window had been forbidden, but also that the foreman had no knowledge that the order was generally disregarded. If petitioner is to prevail on the principle of the above-cited cases she must show that the foreman was aware of the violation and that his knowledge was imputable to respondent.

The petitioner's general assertion that after they had been told not to use the window other employees continued to do so, and that this must have been known to her foreman, is open to question in the face of her specific testimony that she never knew her foreman to use the window and that he seldom came to the department in which petitioner worked. It is to be borne in mind that there were several departments located in the very long room in which petitioner's department was located and that there were obviously many employees who passed by the foreman at his end of the room when entering or leaving the building. It is not unreasonable to infer that the failure of petitioner and others in her department and some in the department nearest to hers to use the door on entering and leaving would pass unnoticed by the foreman. From these circumstances the trial commissioner was justified in deciding against petitioner's contention of implied acquiescence.

The full commission in sustaining the trial commissioner placed great emphasis on the conflicting accounts in the hospital record as affecting petitioner's credibility. We do not deem this material to the issue, since if the only account given in that report were identical with the testimony given by petitioner the result would be the same.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

to the workmen's compensation commission for further proceedings.

*Michaelson & Stanzler, Milton Stanzler,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, Francis W. Conlan,* for respondent.